IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANGELA YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 06-3106 |
| | ) | |
| ILLINOIS DEPARTMENT OF REVENUE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Defendant Illinois Department of Revenue ("Department") moves to exclude: (1) the testimony of former employees relating to (a) the difficulties and duties of the Executive II position and (b) the reporting structure of the organization, as well as (2) evidence concerning the relative job performance of Plaintiff Angela Young ("Young") versus that of Doug Strohm ("Strohm"). The motion (d/e 31) is granted in part and denied in part.

## BACKGROUND

Young, a female, lost her job as an Executive I after Jay Neposchlan ("Neposchlan") eliminated her position.[1] Strohm, a male Executive I, retained his job. The Department claims that Neposchlan, eschewing any reliance on past performance, chose to eliminate Young's Executive I position based solely on redundancy concerns. In contrast, Young theorizes that Neposchlan's justifications were a pretext for sex discrimination because her position was not redundant.

## ANALYSIS

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Federal Rule of Evidence 402 explains that "[a]ll relevant evidence is admissible, except as otherwise provided . . . ." Conversely, "[e]vidence

---

[1] The facts of this case were fully set out in this Court's summary judgment opinion (d/e 24). *Young v. Ill. Dep't of Revenue,* No. 06-3106, 2008 WL 162120 (C.D. Ill. Jan. 16, 2008).

which is not relevant is not admissible." Fed. R. Evid. 402.

The Department, relying solely on *O'Connor v. DePaul University*, 123 F.3d 665 (7th Cir. 1997), posits that because pretext claims turn on the honesty of the decision maker's justification, the Court should exclude as irrelevant all evidence of which Neposchlan was unaware. Thus, the Department suggests that the testimony of former Executive IIs lacks relevance because Neposchlan did not know or solicit their views prior to determining that Young's position was redundant. Therefore, argues the Department, since Neposchlan did not know of this evidence, it cannot impugn his honesty.[2] However, as noted in *O'Connor*, the honesty of a belief may be undercut by evidence suggesting the lack of a factual basis. *Id.* at 670; s*ee also EEOC v. Target Corp.*, 460 F.3d 946, 957 (7th Cir. 2006) (noting that where the defendant has presented a legitimate nondiscriminatory reason for its action, "the plaintiff must have a 'full and

---

[2]The Department also argues that the Executive IIs were retired before the adverse action complained of, and therefore their testimony is irrelevant. This argument must be rejected because no evidence suggests that the Executive I or II positions have changed since the former Executive IIs' tenure.

3

fair' opportunity' to show that the employer's proffered reason was 1) factually baseless; 2) not the employer's actual motivation; 3) insufficient to motivate the action; or 4) otherwise pretextual"). The testimony offered by Young's prior bosses (namely, that Young did not report to the Executive II position and that the Executive II position, as a practical matter, could not supervise her position) suggests not just an honest mistake on Neposchlan's part, but a complete absence of a factual basis for concluding that a redundancy existed. *Cf. O'Connor,* 123 F.3d at 670-71. Thus, the evidence is relevant, regardless of Neposchlan's knowledge of it.

The relevance of evidence showing that Young outperformed Strohm presents a more difficult question. Unlike the testimony discussed above, this evidence cannot be used to impugn the honesty of Neposchlan's justifications for terminating Young, because the Department has not raised performance as a nondiscriminatory justification. Indeed, they have denied even considering work history.[3] Rather, this evidence relates to Young's

---

[3]The Department also suggests that the evidence is irrelevant because Neposchlan denies having considered performance. If Neposchlan's claim is true, then the evidence would indeed be irrelevant.
(continued...)

overall burden of establishing that sex was Neposchlan's motive for eliminating her position. Thus, the question of relevance turns on whether the evidence establishes an inference of sex discrimination.

In *Bell v. EPA*, No. 97-6349, 2001 WL 1426713 (N.D. Ill. Nov. 14, 2001) (unpublished), the Northern District faced a similar situation. There, the plaintiff, who had been passed over for a promotion, wished to introduce evidence of prior commendations for her work. *Id.* at *1. She alleged that the defendants knew of her work experience and that this employment history entitled her to the promotion. *Id*. The defendants, however, moved to suppress such evidence, arguing that the proffered work history was not before the decision makers. *Id.* The court noted that both parties were, to some degree, correct:

> The defendant is correct that facts about the candidates that were not within the knowledge of the decision makers would not shed light on their motivation in making the promotion decisions. On the other hand, plaintiffs are entitled to explore

---

[3](...continued)
However, the veracity of the Neposchlan's claim lies at the heart of this case and properly belongs within the province of the jury, not this Court.

> thoroughly the information the decision makers knew about in reaching their decisions . . . .

*Id.* at 2. Ultimately, the court concluded that only evidence of which the decision makers had personal knowledge, or for which the plaintiff could establish another theory of relevance, would be allowed at trial. *Id.* at 2.

This Court agrees. Young's evidence regarding her superior work history is relevant to the extent it was known by Neposchlan at the time of his decision. If it was unknown, it could not have affected Neposchlan's decision and therefore could not support an inference of sex discrimination on his part.[4] Therefore, Young may present evidence of her superior performance, but only to the extent that the evidence adduced at trial demonstrates Neposchlan's knowledge of such evidence or if relevance is

---

[4]Put another way, if an employer decides to terminate a female employee who outperforms her male counterpart, fact-finders may readily conclude that the employer's decision was not based on performance. Where the decision maker had knowledge of the female employee's superior performance, the jury may infer that the real reason was sex. If, however, the decision maker lacked knowledge of any superior performance, the inference of sex discrimination evaporates, because the reason for disregarding the positive attribute was not sex but ignorance.

established under another theory.[5]

## CONCLUSION

In sum, the Department's motion in limine (d/e 31) is DENIED with respect to testimony relating to reporting structure and the relative difficulty of Young's position, because such evidence, whether known to Neposchlan or not, is relevant to the pretext issue.  The motion (d/e 31) is GRANTED as to evidence regarding Young's performance relative to Strohm's, but only to the extent that Young's evidence was unknown to Strohm.

IT IS SO ORDERED.

ENTERED:	March 12, 2008

FOR THE COURT:	/s Judge Richard Mills
	United States District Judge

---

[5] Given Neposchlan's supervisory position over Strohm and Young, this limitation should not prove onerous.